# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>MARGARET MARANTO, individually, and MEERS STORE & RESTAURANT, INC., a corporation,<br><br>    DEFENDANTS. | CIVIL ACTION NO. CIV-15-1378-D<br><br><br><br><br>**COMPLAINT** |

Plaintiff, Thomas E. Perez, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or the "Act") to enjoin Defendants from violating the provisions of sections 6, 7, 11, 12, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211, 212, & 215, and to restrain Defendants from withholding payment of minimum wage and overtime compensation due 1) Defendants' employees, named in Exhibit A, for the period of time between January 30, 2012, and January 26, 2015, and 2) Defendants' employees, including but not limited to those persons named in Exhibit A, for the period of time between January 26, 2015 (the close of Plaintiff's investigation), and the date of judgment, together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

## I.   THE PARTIES

1. Plaintiff Thomas E. Perez is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the FLSA's child labor,

minimum wage, overtime, and record keeping provisions. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

2. Defendant Margaret Maranto, an individual, resides in Oklahoma, and at all times hereinafter mentioned was the corporate Defendant's General Manager and partial owner and acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring and firing determinations, making compensation decisions, scheduling shifts and controlling time cards and payroll. Margaret Maranto suffers or permits employees to work and is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

3. Defendant, Meers Store & Restaurant, Inc. ("Meers Store & Restaurant"), is and at all times hereinafter mentioned an Oklahoma corporation with a principal place of business at 26005 State Hwy 115, Lawton, OK 73507, within the jurisdiction of this Court, and is and at all times hereinafter mentioned, engaged in operating a full service, hamburger and barbeque restaurant. Among other things, Defendant Meers Store & Restaurant directs the work, exerts supervision and control over workers, suffers and permits workers to work, and acts directly and indirectly in the interests of the workers. Meers Store & Restaurant is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## II. JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendants reside in this Judicial District and the corporate Defendants have their principal office in this Judicial District.

### III.  FLSA STATUTORY COVERAGE

6. At all times hereinafter mentioned, Defendants Meers Store & Restaurant and Margaret Maranto (collectively "Defendants") have been an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

7. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

### IV.  MINIMUM WAGE VIOLATIONS

8. Defendants willfully violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay to certain of their employees, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage since at least January 30, 2012. Defendants violated the FLSA's federal minimum wage requirement by engaging in the following practices, all of which resulted in some employees being paid less than the required minimum wage: 1) deducting time from employees for breaks less than twenty (20) minutes; 2) failing to correctly calculate employees' hours worked; 3) failing to keep accurate records of tips earned by servers; and 4) treating bussers as unpaid "volunteers."

9. The violations are willful; Defendants' actions demonstrate an intentional effort to

conceal the violations by keeping some employees "off the books," and Defendants' repeated false statements to investigators reflect their knowledge of the law and their intent to develop a scheme to avoid compliance. A three-year statute of limitations period applies due to the willful nature of the violations.  29 U.S.C. § 255(a).

## V.   OVERTIME VIOLATIONS

10.   Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least January 30, 2012, without compensating said employees overtime wages for their employment in excess of forty (40) hours in such workweeks.  Specifically, Defendants violated the FLSA's overtime provisions by paying hourly employees a straight wage rate for all hours worked including hours worked over 40 in a workweek that should have been compensated at time-and-a-half the regular rate.  Overtime violations resulted from the Defendants' overt practice of refusing to pay for overtime hours worked in excess of 40 hours in a workweek.  In addition, Defendants engaged in specific practices – such as deducting time from employees for breaks less than twenty (20) minutes and failing to correctly calculate employees' hours worked – which resulted in hours worked over 40 in a workweek that were not compensated at time-and-a-half the regular rate.

11.   The violations are willful; Defendants' actions demonstrate an intentional effort to conceal the violations by manipulating timesheets and payroll records to account for a maximum of 40 hours a week with any additional hours paid in straight time in cash to employees at the end of each pay period; Moreover, Defendants' repeated false statements to investigators reflect their knowledge of the law and their intent to develop a scheme to avoid compliance. A three-year statute of limitations period applies due to the willful nature of the violations.  29 U.S.C. §

255(a).

## VI. CHILD LABOR VIOLATIONS

12. Defendants willfully violated the provisions of sections 12 and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212 and 215(a)(4), by employing children in an enterprise engaged in commerce or in the production of goods for commerce, since at least January 30, 2012. Specifically, Defendants violated the FLSA's child labor provisions by employing children, ages between 10 and 17 years, as bussers at the establishment.

13. Defendants did not pay the children for their hours worked as bussers.

14. Defendants did not record or keep track of the hours worked by the children.

15. Children worked more than three hours on school days.

16. Children worked more than eighteen (18) hours in school weeks.

17. Children worked more than eight hours on non-school days.

18. Children worked past 7:00 p.m. between Labor Day and June 1st.

19. Children worked past 9:00 p.m. between June 1st and Labor Day.

20. At least one child under the age of eighteen (18) operated hazardous equipment (meat slicer & dough mixer) in the kitchen of the establishment on a regular basis.

21. Defendants' employment of these children constitutes oppressive child labor within the meaning of section 3(l) of the Act, 29 C.F.R. § 203(l).

22. The violations are willful in that Defendants either knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

## VII. RECORD KEEPING VIOLATIONS

23. Defendants, employers subject to the provisions of the FLSA, willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and

preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain payroll records reflecting overtime hours worked by employees, failed to keep any records for at least three employees who were paid in cash only, failed to keep records for several employees that were claimed to be "volunteers," failed to keep records of tips earned by servers, and failed to keep a list of all employee names and addresses employed during 2013-2014.

## VIII.   PRAYER FOR RELIEF

24. As a result of the violations alleged in paragraphs 8-23 above, approximately $181,321.45 in unpaid minimum wages and overtime compensation is owing from Defendants to certain of Defendants' present and former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for the period of January 30, 2012 to January 26, 2015.

25. Inasmuch as the violations may be continuing, additional amounts for unpaid minimum wages and overtime compensation are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from January 26, 2015, to the present.

26. Defendants have violated the FLSA's minimum wage, overtime, record-keeping, and child labor provisions. An order enjoining the alleged violations and restraining the withholding of unpaid minimum wages and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wages and

overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.	For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 12, 15(a)(2), 15(a)(4) and 15(a)(5) of the FLSA;

B.	For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendants' employees for the period from January 30, 2012, to January 26, 2015; and such additional amounts as may be found by this Court to be due for the period from January 26, 2015, until the date of judgment; and for equal additional amounts as liquidated damages;

C.	In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.	A monetary award to Plaintiff for the costs of this action; and

E.	Such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of December, 2015.

Respectfully submitted,

M. Patricia Smith, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Lydia Tzagoloff, Wage Hour Counsel

*/s/ Karen E. Bobela*
_____

Karen Bobela, Trial Attorney
United States Department of Labor
Attorneys for Plaintiff