IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

R. ALEXANDER ACOSTA, Secretary
of Labor, United States Department of
Labor,

        Plaintiff,

v.

MARGARET MARANTO, *et al*.,

        Defendants.

Case No. CIV-15-1378-D

**O R D E R**

    Presently before the Court is Defendant Meers Store and Restaurant, Inc.'s Motion for Summary Judgment [Doc. No. 42] filed pursuant to Fed. R. Civ. P. 56.[1]  The Motion is supported by Defendant's opening and reply briefs [Doc. Nos. 43 & 58]; and opposed by Plaintiff's response brief [Doc. No. 55].

    This case involves claims by the United States Department of Labor under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, that Defendants Meers Store & Restaurant, Inc. (the "Store") and Margaret Maranto violated the FLSA by failing to pay minimum wages to employees, failing to pay overtime compensation, failing to comply with child labor provisions, and failing to maintain required records since January 30, 2012. Plaintiff seeks injunctive relief, an assessment of unpaid wages and compensation owed to the Store's employees, and liquidated damages for willful FLSA violations.

---

[1]  Plaintiff's Motion for Summary Judgment will be addressed by a separate order.

In answer to the Complaint, Defendants admitted that Joe and Margaret Maranto (husband and wife) have managed the Store during the relevant time period and that the Store "supervises or controls employees."  *See* Am. Answer [Doc. No. 22], ¶¶ 2-3.   In answering interrogatories, Defendants stated that both Mr. and Mrs. Maranto have full management authority.  *See* Defs.' Answer Pl.'s First Set Interrogs. [Doc. No. 55-3] at 3. Now, however, the Store presents facts based on an affidavit of Mr. Maranto stating that during a period of his incapacity, Mrs. Maranto "assumed all management duties including adopting and enforcing personnel policies," without his knowledge or authority (or that of "any other person having any interest in Meers Store").  *See* Maranto Aff. [Doc. No. 43-2], ¶¶ 3-6.  Based on these asserted facts, the Store seeks a summary determination that it is not liable for any statutory violations that occurred because its manager, Mrs. Maranto, was not authorized to adopt the alleged unlawful personnel policies or to commit the alleged unlawful acts.

Plaintiff objects to the Store's Motion on grounds that this *ultra vires* defense was not raised in Defendants' pleading or in answers to interrogatories requesting such information, that Mr. Maranto's affidavit is insufficient to support such a defense, that the Store's statement of material facts is disputed, and that the asserted defense has no basis in FLSA law.  Plaintiff is correct that the Store provides no legal authority for its asserted defense; the cases cited in its brief address only the personal liability of corporate officers as an "employer" under the FLSA or state law.  *See Fraternal Order of Police Barkley Lodge #60, Inc. v. Fletcher*, 618 F. Supp. 2d 712, 722 (W.D. Ky. 2008) (FLSA) (cited in

Def.'s Reply Br. [Doc. No. 58] at 1); *Ayon v. Kent Denver Sch.*, Civ. Action No. 12-cv-2546-WJM-CBS, 2013 WL 1786978 (D. Colo. April 26, 2013) (unpublished) (state-law claims) (cited in Def.'s Opening Br. [Doc. No. 43] at 5).   However, Plaintiff also fails to provide legal authority to support its argument, which is, the fact "[t]hat a manager may take an action in violation of the FLSA that was not specifically authorized by the corporate employer is immaterial to the corporate employer's liability under the statute."   *See* Pl.'s Resp. Br. [Doc. No. 55] at 7.

### Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255.   The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   If the movant carries this burden, the nonmovant must then "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A).

### Discussion

The FLSA imposes duties on covered employers with respect to compensation and working conditions of non-exempt employees. In relevant part, an "employer" as defined by FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. § 203(d). "'Person' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." *Id*. § 203(a). With certain exceptions not relevant here, "the term 'employee' means any individual employed by an employer." *Id*. § 203(e)(1). And the term "'[e]mploy' includes to suffer or permit to work.'" *Id*. § 203(g). Federal courts have recognized that "the breadth of these definitions is both intentional and obvious." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014). "'The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is the broadest definition that has ever been included in any one act.'" *Id*. (quoting *In re Enterprise Rent-A-Car Wage & Hour Emp't Prac. Litig*., 683 F.3d 462, 467-68 (3d Cir. 2012)) (internal quotation and citation omitted).

One federal appellate court has also observed: "Unfortunately, however, the statute's definition of "employer" relies on the very word it seeks to define . . . . The statute nowhere defines 'employer' in the first instance.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013). To effectuate FLSA's remedial purposes, the Supreme Court "'has instructed that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical

concepts.'"   *Id*. at 104 (quoting *Barfield v. NYC Health & Hosps. Corp*., 537 F.3d 132, 141 (2d Cir. 2008)) (internal quotation omitted); *see Baker v. Flint Eng'g & Const. Co*., 137 F.3d 1436, 1440 (10th Cir. 1998).  Most appellate courts have "treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" and "have identified different sets of relevant factors based on the factual challenges posed by particular cases."  *Barfield*, 537 F.3d at 141-42. Further, "[u]nder the FLSA, multiple persons or entities can be responsible for a single employee's wages as 'joint employers' in certain situations."  *See Thompson*, 748 F.3d at 148.  In these situations, "each joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations."  *Id*.

In this case, the Store's motion for summary judgment does not present sufficient facts or legal authority to support its position that it was not the FLSA "employer" of the employees whose wages and employment are the subject of the Complaint.  Therefore, on the summary judgment record presented, the Court finds that the Store has not carried its initial burden to demonstrate the absence of a dispute of material fact and its entitlement to a judgment as a matter of law.[2]

---

[2]  If the Store did present legal authority for its position that Mrs. Maranto's alleged lack of authority to act on behalf of the corporation could absolve the Store of liability, the Court would find the conclusory statements in Mr. Maranto's affidavit are insufficient to support this defense to liability.  *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1252 (10th Cir. 2017) (holding that an affidavit containing only "a conclusory statement, devoid of facts, is insufficient to create a genuine issue of material fact").

**Conclusion**

For these reasons, the Court finds that the Store has not shown there is no genuine dispute of material facts and it is entitled to a judgment as a matter of law on Plaintiff's FLSA claims against it.

IT IS THEREFORE ORDERED that Defendant Meers Store and Restaurant, Inc.'s Motion for Summary Judgment [Doc. No. 42] is DENIED.

IT IS SO ORDERED this 19th day of September, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE