IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-1378-D |
| MARGARET MARANTO, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Sanctions [Doc. No. 53], filed pursuant to Fed. R. Civ. P. 26(g) and 28 U.S.C. § 1927 as to Defendants' attorney, Bill Wilkinson, and pursuant to Fed. R. Civ. P. 37(c)(2) as to Defendants Meers Store & Restaurant, Inc. and Margaret Maranto. Plaintiff United States Department of Labor asks the Court to impose monetary sanctions on Defendants and their counsel for alleged discovery abuses, asserting that Mr. Wilkinson provided responses to Plaintiff's discovery requests without making a reasonable inquiry of his clients and gave inaccurate information, and that Defendants denied requests for admission that later proved to be true. Mr. Wilkinson and Defendants have responded in opposition to the Motion, contending they did nothing wrong. Upon consideration, the Court finds that Plaintiff's Motion should be granted in part, as set forth herein.

    **A.**    **Regarding Defendants' Counsel**

Plaintiff seeks sanctions against Mr. Wilkinson for failing to consult Defendants concerning their responses to Plaintiff's discovery requests and, instead, supplying inaccurate information and refusing to admit facts that were actually true, according to the deposition testimony of Defendant Margaret Maranto and Joe Maranto, a co-owner and manager of the corporate defendant. Plaintiff asserts that sanctions are warranted under Rule 26(g)(3) for an alleged violation of Rule 26(g)(1)(B), which provides that an attorney's signature on a discovery response constitutes a certification "that to the best of [his] knowledge, information, and belief, formed after reasonable inquiry," the response is consistent with the rules and warranted by existing law, is "not interposed for any improper purpose," and is "neither unreasonable nor unduly burdensome." *See* Fed. R. Civ. P. 26(g)(1)(B).[1] Rule 26(g)(3) mandates an appropriate sanction "[i]f a certification violates this rule without substantial justification." Plaintiff asserts that Mr. Wilkinson's conduct also warrants a monetary penalty under § 1927, which provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927.

Mr. Wilkinson responds, first, that the Motion should be denied because Plaintiff did not discuss the problem with him before filing the Motion, as allegedly required by Rule 26(g)(2) and LCvR37.1. The Court finds these rules are inapplicable to Plaintiff's

---

[1] Essentially, Rule 26(g) is a counterpart to Rule 11 applicable to discovery papers, premised on a belief "that discovery abuse can be reduced if sanctions are imposed on attorneys." *See* 8 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2052 at 628 (2d ed. 1994).

Motion. Rule 26(g)(2) addresses a failure to sign a discovery request or response, and LCvR37.1 requires informal conferences to settle discovery disputes. Plaintiff is not complaining in the Motion about a missing signature or seeking to resolve a discovery dispute.

Regarding the substance of the Motion, Mr. Wilkinson's position is that Plaintiff has not sufficiently alleged nor proven that he failed to make a reasonable inquiry into the factual basis of Defendants' discovery responses. Although Plaintiff enumerates specific interrogatories that were answered incorrectly and, according to Joe and Margaret Maranto, were never discussed with Defendants, Mr. Wilkinson contends Plaintiff merely provides examples of "inconsistent testimony." *See* Defs.' Resp. Br. [Doc. No. 64] at 4. Defendants contend "the inconsistencies are merely because of confusion, stress and inexperience." *Id*. at 5. Finally, regarding § 1927 sanctions, Mr. Wilkinson asserts that Plaintiff has failed to prove he "is guilty of vexatiously delaying the case." *Id*.

The Tenth Circuit has adopted the approach of other federal courts considering sanctions under Rule 26(g)(3) and "applied case law applicable to Fed. R. Civ. P. 11." *See In re Byrd, Inc.* (*Portales Nat'l Bank v. Smith*), 927 F.2d 1135, 1137 (10th Cir. 1991). Accordingly, the court of appeals has said:

> When considering sanctions under Rule 11, and therefore Rule 26(g), the court must judge the attorney's conduct under an objective standard of reasonableness. Subjective bad faith is not required to trigger the imposition of sanctions. Rather, the central issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading.

*Id*. (citations and internal quotation omitted).

Contrary to Mr. Wilkinson's argument, Plaintiff has convincingly established that his conduct in certification of Defendants' Responses and Answers to Plaintiff's First Set of Interrogatories, Request for Admissions and Request for Production of Documents [Doc. No. 53-1] was objectively unreasonable. Mr. Wilkinson clearly failed to conduct a reasonable inquiry into the facts supporting these discovery responses; his clients testified unequivocally in their depositions that the information supplied was incorrect in multiple respects because they were not consulted at all. *See* M. Maranto Dep. 9:15-10:3; 108:6-16; 128:16-129:7; J. Maranto Dep. 120:18-121:8; 126:24-127:3; 133:2-17. Defendant Margaret Maranto explained her signature on the verification of Defendants' answers as follows: "I just was told to sign it and that's what I did. I never got it. I never read it." *See* M. Maranto Dep. 107:1-21. In short, the Court easily finds that Mr. Wilkinson's signature on Defendants' discovery responses constitutes a false certification that to the best of his knowledge and belief formed after a reasonable inquiry the responses were consistent with the rules, warranted by law, and reasonable. Because Mr. Wilkinson offers no justification for his failure to consult his clients concerning their discovery responses and interrogatory answers, the Court "must impose an appropriate sanction" on him pursuant to Rule 26(g)(3).

Section 1927 authorizes an assessment of excess costs, fees, and expenses against an attorney personally for conduct that, viewed objectively, manifests an intentional or reckless disregard for the attorney's responsibilities to the Court. *See Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc); *accord Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995). The statute sets "an extreme standard," and "a court

should make such an award only in instances evidencing a serious and standard disregard for the orderly process of justice." *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotations omitted). In this case, Plaintiff makes only a conclusory argument that Mr. Wilkinson's failure to make a reasonable inquiry of his clients and preparation of "false, confusing, and nonsensical responses to Plaintiff's discovery requests" satisfies this standard. The Court is not persuaded that Plaintiff has met its burden to show that § 1927 is applicable under the circumstances.

For these reasons, the Court finds that a monetary sanction should be imposed against Mr. Wilkinson only under Rule 26(g)(3). The Court further finds that an appropriate sanction is the one expressly authorized by Rule 26(g)(3): an order to pay Plaintiff's reasonable expenses caused by the violation.[2]

**B.     Regarding Defendants**

Plaintiff seeks sanctions against Defendants for failing to admit facts that, according to Mrs. Maranto's deposition testimony, were actually true. Plaintiff asserts that Rule 37(c)(2) mandates an assessment of reasonable expenses (including attorney fees) incurred in proving the truth of the matters in Plaintiff's requests for admission because none of the four exceptions provided by Rule 37(c)(2)(A)-(D) is met. Plaintiff contends

---

[2] Plaintiff asks permission, if sanctionable conduct is found, to file a separate motion claiming an amount of costs and expenses incurred. *See* Pl.'s Mot. Sanctions [Doc. No. 53] at 11. The Court will follow this approach, which it finds to be reasonable. In making a claim, however, the Court cautions Plaintiff to be circumspect in determining what costs, fees, and expenses were incurred as a result of Mr. Wilkinson's misconduct. The Court doubts, for example, that Plaintiff's attorneys would not have traveled to Lawton, Oklahoma, to depose Mrs. Maranto if accurate discovery responses had been made, as argued in Plaintiff's brief. *See id*. at 10.

Defendants falsely denied nine requests for admission that directly relate to violations of the Fair Labor Standards Act alleged in the Complaint.

Defendants make no response to this contention, except to assert that a hearing held March 7, 2017, involved "the same discovery matters as argued in the Motion" and "these discovery issues are now decided." *See* Defs.' Resp. Br. [Doc. No. 64] at 5. To the extent this argument suggests Plaintiff's requests for admission were objected to or were somehow objectionable, which is an exception under Rule 36(c)(2)(A), Defendants are incorrect. The nine requests that are the subject of Plaintiff's Motion were not addressed at the March 7, 2017 hearing. *Compare* Pl.'s Mot. Sanctions [Doc. No. 53] at 8 ("requests for admission numbers 7-14 and 18") *and* Tr. 3/7/17 Hr'g [Doc. No. 113], 8:10-16 (ruling "[r]egarding Request for Admissions Nos. 4 and 17").

Rule 37(c)(2) provides in pertinent part: "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Further, "[t]he court must so order unless" one of four exceptions exists, including where "there was other good reason for the failure to admit." *See* Fed. R. Civ. P. 37(c)(2)(D); *see also Harolds Stores, Inc. v. Dillard Dep.'t Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996) ("The Rule mandates an award of expenses unless the court finds that an exception applies."). A majority of federal courts have held that "[b]y its express terms, Rule 37(c) applies only to a party" and does not authorize sanctions against an attorney. *See Apex Oil Co. v. Belcher Co. of N.Y., Inc.*, 855 F.2d 1009, 1014 (2d Cir. 1988); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219,

1225, 1227 (10th Cir. 2015) (agreeing with *Apex*; adopting same interpretation of Rule 37(c)(1)). Also, "Rule 37(c) applies to the party whether or not the party has signed the response." *Apex*, 855 F.2d at 1015.

Upon consideration of the facts shown by the existing record, the Court finds that no assessment against Defendants under Rule 37(c)(2) is warranted. First, with regard to their failure to admit facts that Mrs. Maranto later admitted in her deposition testimony, Defendants plainly had a good reason for denying requests for admission that were actually true: They were not consulted about the requests for admission and did not agree to the denials. Mrs. Maranto candidly admitted the truth of the matters when Plaintiff's counsel asked her about them. Further, Plaintiff will not be required to prove the truth of the matters. Mrs. Maranto has already admitted them. Thus, the expenses incurred by Plaintiff as a result of Defendants' initial denials would be extremely limited, if any. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 939 (9th Cir. 1994) (plaintiff could only recover "expenses that flowed directly from the improper answers" to particular requests for admission); *see also Brockmann v. Bd. of Cty. Comm'rs*, 404 F. App'x 271, 288 (10th Cir. 2010) (unpublished) (failing to admit fact while providing information in another manner "goes to the amount of reasonable expenses the requesting party could demand").[3]

For these reasons, the Court finds that an order under Rule 37(c)(2) requiring Defendants to pay expenses incurred in proving the truth of matters that they failed to admit in their written discovery responses is not warranted.

---

[3] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions [Doc. No. 53] is GRANTED in part and DENIED in part, as set forth herein. Within 21 days from the date of this Order, Plaintiff shall file a motion seeking a determination of the amount of the monetary sanction to be imposed against Mr. Wilkinson pursuant to Rule (g)(3) based on expenses reasonably incurred by Plaintiff as a result of his false certification of Defendants' discovery responses.

IT IS SO ORDERED this **21st** day of September, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE