IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-15-1378-D |
| MARGARET MARANTO, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Plaintiff's Motion for Determination of Monetary Sanction [Doc. No. 117], filed pursuant to the Order of September 21, 2017 [Doc. No. 116] (hereafter, "Order"). By the Order, the Court granted a motion for sanctions against Defendants' attorney, Bill Wilkinson, pursuant to Fed. R. Civ. P. 26(g)(3), and reserved for determination "the amount of the monetary sanction to be imposed . . . based on expenses reasonably incurred by Plaintiff as a result of [Mr. Wilkinson's] false certification of Defendants' discovery responses." *See* Order at 8. Plaintiff now requests an award of $3,690.00, which represents 12.3 hours of counsel's time at an hourly rate of $300.00. The Motion is supported by the affidavit of Plaintiff's attorney, Karen Bobela, regarding her work on discovery matters related to the false certification.

Following the denial of a motion to conduct discovery regarding Ms. Bobela's time records (*see* Order 11/17/17 [Doc. No. 120]), Mr. Wilkinson has responded in opposition to the Motion. See Defs.' Resp. Br. [Doc. No. 121]. The time period for filing a reply brief has expired.

The Court previously found that Mr. Wilkinson violated Rule 26(g)(1)(B) by failing to consult Defendants regarding their responses and answers to Plaintiff's written discovery requests, and falsely certifying those responses and answers. When Plaintiff deposed Mr. Wilkinson's clients, Margaret Maranto and Joe Maranto, part of the examination was spent obtaining information that should have been provided and establishing facts that should have been admitted, but for Mr. Wilkinson's misconduct. The Court ruled that an appropriate sanction is "an order to pay Plaintiff's reasonable expenses caused by the violation" and authorized Plaintiff to file a separate motion to determine the amount to be assessed. *See* Order at 5.

In her affidavit, Ms. Bobela represents that approximately half of her examination of Mrs. Maranto and Mr. Maranto during their depositions could have been avoided if Defendants had provided full and accurate responses to Plaintiff's written discovery. Ms. Bobela estimates that half of Mrs. Maranto's 5-hour deposition (2.5 hours), half of Mr. Maranto's 3.75-hour deposition (1.8 hours), half of an 8-hour period spent preparing to take the depositions (4 hours), and all of her time preparing the motion for sanctions (4 hours) were the result of Mr. Wilkinson's false certification of Defendants' discovery responses. Ms. Bobela also represents that an hourly rate of $300.00 is reasonable for an attorney with her level of expertise and experience in the prevailing market. A lodestar calculation (12.3 hours x $300/hour) yields the sum of $3,690 sought by Plaintiff.

In response, Mr. Wilkinson does not challenge Plaintiff's use of the lodestar method or the hourly rate assigned to Ms. Bobela's work. He questions only Ms. Bobela's estimate that his conduct caused her to perform 12.3 hours of work that would otherwise

have been unnecessary. Mr. Wilkinson asserts that 12.3 hours "is excessive" and "it is hard to believe that much time would have been [saved]" if Defendants' discovery responses "had been properly completed." *See* Defs.' Resp. Br. at 2, 3. Without explanation, Mr. Wilkinson asks the Court "to reduce the reasonable fees to be awarded to the amount of $1,000." *Id*. at 4.

The court of appeals has provided guidance for determining the amount of an appropriate monetary sanction for litigation misconduct. *See White v. General Motors Corp*., 908 F.2d 675, 683-85 (10th Cir. 1995). In *White*, the Tenth Circuit was considering sanctions for a violation of Rule 11, but the court has approved this guidance for use wherever an attorney-fee sanction is deemed appropriate, "whether rooted in statute, rule, or a court's inherent authority." *See Farmer v. Banco Popular of N. Amer.*, 791 F.3d 1246, 1256, 1259 (10th Cir. 2015). Under this guidance, the reasonableness of the amount of fees and costs incurred is one factor to be considered, and a lodestar method of calculation is "an acceptable approach." *See Farmer*, 791 F.3d at 1259; *White*, 908 F.2d at 684. However, a trial court's determination of fees need not be exacting, and "should not result in a second major litigation." *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal quotation omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017).

Upon consideration of the facts and circumstances presented, the Court finds that a substantial award is appropriate. The Court further finds that attorney fees incurred by Plaintiff to depose Mr. and Mrs. Maranto about information they had previously been asked to provide in written discovery may constitute expenses reasonably incurred as a result of

3

Mr. Wilkinson's violation of Rule 26(g)(1)(B). The difficulty, as observed by Mr. Wilkinson, is identifying what portion of deposition-related time is attributable to Defendants' incomplete or inaccurate discovery responses. Even when admissions are made, interrogatories are answered, and documents are produced before a deposition is taken, it is not uncommon for an opposing party's attorney to question a witness about the same subject matters, either to confirm the completeness of discovery responses or clarify the information provided. Thus, Ms. Bobela's estimate that half of her preparation and deposition time was devoted to "topics related to the [wage law] violations that Mrs. Maranto ultimately admitted" (Motion at 3) does not mean Ms. Bobela would not otherwise have covered these same topics in the Marantos' depositions, at least to some degree. It is also difficult to draw a direct correlation between preparation time and deposition time.

Clearly, however, Ms. Bobela's time to prepare Plaintiff's motion for sanctions was incurred as a result of Mr. Wilkinson's violation. The Court finds that Plaintiff's claim of 4 hours of attorney time for this task is reasonable. The Court further finds that 4 hours represents a reasonable amount of additional deposition time expended by Ms. Bobela as a result of Defendants' incomplete and inaccurate discovery responses. Multiplying these 8 hours by the uncontested hourly rate of $300 yields a lodestar amount of $2,400. The Court finds this sum represents an appropriate monetary sanction to be levied against Mr. Wilkinson pursuant to Rule 26(g)(3).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Determination of Monetary Sanction [Doc. No. 117] is GRANTED, as set forth herein. The Court assesses

a monetary sanction against attorney Bill Wilkinson in the amount of $2,400.00, payable to Plaintiff within 21 days from the date of this Order.

IT IS SO ORDERED this 20th day of December, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE