# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET MARANTO and MEERS STORE & RESTAURANT, INC.,<br><br>    Defendants. | Case No. CIV-15-1378-D |

## ORDER GRANTING PERMANENT INJUNCTION

Pursuant to the Order of April 27, 2018 [Doc. No. 125], the Court finds that Defendants have violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and that Plaintiff is entitled to the following permanent injunction.

IT IS HEREBY ORDERED, pursuant to 29 U.S.C. § 217, that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from knowingly violating any of the provisions of the FLSA, including the minimum wage, overtime, record-keeping, child labor, and retaliation provisions, 29 U.S.C. §§ 206, 207, 211(c), 212 & 215(a)(2)-(5). Specifically:

A.   Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per

hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA), except as authorized by 29 U.S.C. § 203(m);

B.     Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any nonexempt employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed.

C.     Defendants shall not, contrary to 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve adequate and accurate records of their nonexempt employees, and of the wages, hours, and other conditions and practices of employment as prescribed by the regulations issued and from time to time amended pursuant to § 211(c) (29 C.F.R. Part 516).  Defendants shall make such records available at all reasonable times to representatives of Plaintiff.  Defendants shall not alter or edit any time or payroll records, and shall not destroy any time or payroll records for a period of five (5) years from the date on which the record is made.

D.     Defendants shall not, contrary to 29 U.S.C. §§ 212(c) and 215(a)(4), employ or suffer or permit minors to work in commerce or in the production of goods for commerce, or in any enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA under conditions constituting oppressive child

labor as defined in 29 U.S.C. § 203(l), and in occupations therein declared to be hazardous as defined in the regulations found at 29 C.F.R. § 570 (Subparts C and E).

E.    Violation of any paragraph herein may subject Defendants to equitable and legal damages, including civil contempt.

IT IS SO ORDERED this 7th day of June, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE