IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

R. ALEXANDER ACOSTA, Secretary
of Labor, United States Department of
Labor,

  Plaintiff,

v.

MARGARET MARANTO, *et al.*,

  Defendants.

Case No. CIV-15-1378-D

# **O R D E R**

Before the Court is Plaintiff's Motion to Reconsider [Doc. No. 138], filed pursuant to Fed. R. Civ. P. 59(e). Defendants have responded in opposition to the Motion, which is fully briefed.

By the Motion, Plaintiff Secretary of Labor asks to the Court to revisit the Order of June 7, 2018 [Doc. No. 135], which sustained Defendant's objections to certain language of the proposed permanent injunction submitted by Plaintiff. Specifically, Plaintiff objects to the Court's addition of the word "knowingly," so that Defendants are "enjoined and restrained from *knowingly* violating any of the provisions of the [Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19], including the minimum wage, overtime, record-keeping, child labor, and retaliation provisions, 29 U.S.C. §§ 206, 207, 211(c), 212 & 215(a)(2)-(5)." *See* Order Granting Permanent Injunction [Doc. No. 137] at 1 (emphasis added). Plaintiff argues that an injunction against knowing violations of the FLSA qualifies the

statutory standard applicable to all employers in a way that "sets a lower bar for Defendants and dilutes the effect of this important enforcement tool." *See* Mot. Reconsider ¶ 4.

In presenting his argument, Plaintiff makes no reference to the standard of decision governing a Rule 59(e) motion. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Upon consideration, the Court finds that Plaintiff has not shown a proper basis for reconsideration of the June 7 Order. Plaintiff simply seeks to advance an argument that could have been, but was not, raised in prior briefing. Further, as Plaintiff points out, all employers subject to the FLSA, including Defendants, must comply with its provisions. Defendants remain subject to statutory duties imposed by the FLSA that are fully enforceable by Plaintiff. However, an injunction raises the prospect that Plaintiff may initiate contempt proceedings if Defendants fail to follow its requirements. It was the Court's judgment in this case that only a knowing violation of the FLSA – as opposed to some unwitting or mistaken, good faith belief that the FLSA permitted a pay practice or

personnel policy – should warrant a contempt proceeding. The Court is unpersuaded by Plaintiff's argument that this judgment was mistaken or unwise.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider [Doc. No. 138] is DENIED.

IT IS SO ORDERED this 11th day of July, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE