IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

R. ALEXANDER ACOSTA, Secretary
of Labor, United States Department of
Labor,

      Plaintiff,

v.

MARGARET MARANTO, *et al.*,

      Defendants.

Case No. CIV-15-1378-D

# **O R D E R**

Before the Court is Defendants' Appeal of the Bill of Costs Award in Accordance with Federal Rules of Civil Procedure, Rule 54(d)(1) [Doc. No. 153]. The Court views Defendants' filing as a timely motion for review of the Clerk's taxation of costs [Doc. No. 150]. *See* Fed. R. Civ. P. 54(d)(1).

Defendants object to the amount of costs taxed in Plaintiff's favor for depositions. They assert that "Plaintiff is not entitled to recover for deposition transcripts . . . unless they were 'actually utilized by the Court in considering the Plaintiff's Motion for Summary Judgment.'" *See* Motion, ¶ 4 (quoting *Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 434-35 (10th Cir. 1990)) (emphasis omitted). This objection has been previously briefed in the parties' filings in support of, and opposition to, the Bill of Costs. *See* Pl.'s Br. Supp. Bill of Costs [Doc. No. 140]; Defs.' Resp. Br. [Doc. No. 142]; Pl.'s Reply Br. [Doc. No. 144]. Defendants also object to the Bill of Costs as "excessive" because "Plaintiff included the

charges for all deposition costs when such was not proper." *See* Motion, ¶ 6. Plaintiff Department of Labor has made no written response to Defendants' filing, and the Court understands that it has elected to stand on prior briefs.

The Clerk taxed costs of $4,686.57 for Plaintiff's deposition expenses in the case. The costs were incurred in connection with the depositions of eight witnesses, four deposed by Plaintiff and four deposed by Defendants. Defendants take the position that "[t]he Court should limit the Plaintiff's costs for depositions to Mr. & Mrs. Maranto in the combined amount of $1,469.40." *See* Defs.' Resp. Br. at 2. This amount represents only the court reporters' fee for an original transcript of one deposition of each witness, Defendant Margaret Maranto and Joe Maranto, who is a part-owner and manager of Defendant Meers Store and Restaurant, Inc. It excludes original transcripts for a second deposition of Joe Maranto and other witnesses deposed by Plaintiff (Rowland Cunningham and Randall O'Neal), copies of deposition transcripts for witnesses deposed by Defendants, and costs of other items, including appearance fees, scanned exhibits, courier delivery, UPS delivery of original exhibits to Denver, mileage costs, shipping and handling, and an electronic transcript. *See* Bill of Costs [Doc. No. 139] at 3-4, 7 (ECF page numbering).

Plaintiff argues that "Defendants' opposition . . . is based entirely on an incorrect legal standard" and all of the depositions "were necessarily obtained for use in this case." *See* Pl.'s Reply Br. at 2 (citing *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002)). Plaintiff also contends that all costs appearing in the court reporters' invoices are fully recoverable, without addressing particular items.

The Court distills two issues raised by Defendants' objection: 1) whether transcripts of all witnesses' depositions were properly allowed; and 2) whether all costs associated with the depositions are authorized by 28 U.S.C. § 1920.

First, regarding transcripts, Defendants incorrectly "espouse an exceedingly narrow view of the deposition expenses authorized under 28 U.S.C. § 1920." *See In re Williams Secs. Litig.*, 558 F.3d 1144, 1149 (10th Cir. 2009). The statute requires only "that the generation of taxable materials be 'reasonably necessary for use in' the case 'at the time the expenses were incurred.'" *Id.* (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)). To be reasonably necessary, depositions need not be "'received in evidence or used by the court in ruling upon a motion for summary judgment.'" *Id.* (quoting *Merrick*, 911 F.2d at 434).

Here, the individuals deposed by Plaintiff were key witnesses in this wage dispute. In addition to Defendants, the deponents included their restaurant supervisor or manager, Roland Cunningham, and their designated expert, Randall O'Neal. The witnesses deposed by Defendants were employees of Plaintiff on whom Defendants attempted to base a defense regarding alleged errors in the investigation, Cheryl Masters, Lindsey Arnold, Michael Speer, and Michael Lonesky. The Court finds that the testimony of all witnesses deposed was reasonably necessary for effective trial preparation at the time the depositions were taken.[1] Therefore, fees for all deposition transcripts are taxable costs under § 1920.

---

[1] The transcripts of the depositions of Mr. and Mrs. Maranto, Mr. O'Neal, and Ms. Masters were actually utilized in summary judgment briefs and briefs regarding Plaintiff's *Daubert* motion (which affected the Court's summary judgment ruling).

The statute expressly authorizes fees "for printed or electronically recorded transcripts." *See* 28 U.S.C. § 1920(2). The reporter's invoice in this case includes a charge for "Electronic Transcript Files," in addition to a charge for the printed transcript of Randall O'Neal's deposition. *See* Bill of Costs, at 7. The court of appeals has held that the costs of both a printed transcript and a video recording of the same deposition may be taxed. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997). However, the meaning of the item "electronic transcript" is unexplained. The Court finds that Plaintiff has failed to meet its burden to show this is a taxable item. *See Williams*, 558 F.3d at 1148 ("prevailing party bears the burden of establishing the amount of costs to which it is entitled"); *accord Allison*, 289 F.3d at 1248. Accordingly, the Court finds that all of Plaintiff's transcript expenses, except the charge for an electronic transcript ($20.00), were properly taxed. The total allowable cost of deposition transcripts is $4,112.80.

Turning to the second issue – the court reporter's charges for items other than transcripts – Section 1920 authorizes the recovery of some deposition-related costs: "Fees and disbursements for printing and witnesses;" and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(3)-(4). The Court finds that the court reporter's charges for scanning deposition exhibits were properly allowed, and the amounts charged (totaling $58.27) are entirely reasonable.

Witnesses who appear for a deposition are entitled to attendance fees and expenses provided by 28 U.S.C. § 1821. The authorized appearance fee is $40 per day, and a mileage

4

allowance may be claimed at the rate prescribed for federal government employees. *See id*. § 1821(b), (c)(2). Plaintiff has not provided sufficient information to determine that appearance fees (totaling $265.00) and mileage expenses ($171.50) listed in the court reporter's invoices satisfy these requirements. Further, the Court finds no authority, and Plaintiff has cited none, for recovering costs of courier service and charges for shipping or delivery of materials to Denver (a total of $59.00). Therefore, these items should not be taxed as costs.

IT IS THEREFORE ORDERED that Defendants' Appeal of the Bill of Costs Award [Doc. No. 153], treated as a motion for review of costs pursuant to Fed. R. Civ. P. 54(d)(1), is GRANTED in part and DENIED in part. The Court affirms the Clerk's taxation of costs against Defendants, but reduces the amount to **$4,171.07.**

IT IS SO ORDERED this 17th day of October, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE